## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

STANLEY TURNER NORTON
ADC #99798                                                    PETITIONER


VS.                          5:09CV00078 BSM/JTR


LARRY NORRIS, Director
Arkansas Department of Correction                            RESPONDENT


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room 149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Stanley Norton ("Norton"). (Docket entry #1). Respondent has filed a Response (docket entry #8), to which Norton has filed a Reply. (Docket entry #13).

2

Thus, the issues are joined and ready for disposition.

Before addressing Norton's claims, the Court will review the relevant procedural history of the case, which involves his overlapping attacks on two state court convictions.

On November 6, 1996, Norton was convicted of first-degree battery following a bench trial in Jefferson County Circuit Court. *State v. Norton*, Jeff. Co. Cir. No. CR-96-5-3. (Docket entry #8-3). He was sentenced to twenty-two years in the ADC. *Id.* Norton did not pursue a direct appeal of his conviction and sentence. However, on December 2, 1996, Norton filed a *pro se* Rule 37 Petition in Jefferson County Circuit Court challenging his conviction. (Docket entry #8-7).

On December 11, 1996, Norton entered a guilty plea to residential burglary, attempted first-degree murder, and rape in Jefferson County Circuit Court. *State v. Norton*, Jeff. Co. Cir. No. CR-96-302-3. (Docket entry #8-4). He received an aggregate sentence of forty years in the ADC, to run consecutive to his sentence in No. 96-5-3. *Id.*

On October 17, 1997, Jefferson County Circuit Judge Fred D. Davis, III conducted an evidentiary hearing concerning the Rule 37 Petition in No. 96-5-3.[1] (Docket entry #8-27). On October 22, 1997, Judge Davis entered an Order denying

---

[1]Norton was appointed counsel to represent him at the evidentiary hearing.

3

the Rule 37 Petition.   (Docket entry #8-8).   Norton appealed, and the Arkansas Supreme Court reversed and remanded. *Norton v. State*, 1999 WL 349756 (Ark. May 27, 1999) (unpublished *per curiam*).   The Court held that the trial court erred in entering an order that denied relief but failed to set forth written findings of fact and conclusions of law as required by Ark. R. Crim. P. 37.3(c).  Id.

On September 4, 1998, Norton filed a *pro se* Rule 37 Petition in Jefferson County Circuit challenging his conviction in No. 96-302-3.  (Docket entry #8-21).  On August 26, 1999, Judge Davis entered an Order dismissing the Petition as untimely. (Docket entry #8-22).

On May 18, 2000, Judge Davis entered an Order denying Rule 37 relief in No. 96-5-3.  This Order included specific findings of fact and conclusions of law pursuant to the remand instructions from the Arkansas Supreme Court.  (Docket entry #8-12). Norton again appealed the denial of Rule 37 relief.  On January 10, 2002, the Court affirmed due to Norton's counsel's failure to abstract the trial testimony and lodge the transcript of the Rule 37 hearing.  *Norton v. State*, 2002 WL 28023 (Ark. Jan. 10, 2002) (unpublished *per curiam*).

On May 22, 2002, Norton filed a second *pro se* Rule 37 Petition challenging his

4

conviction in No. 96-5-3.[2]  (Docket entry #8-16).  On July 31, 2002, Judge Davis entered an Order denying the Petition as "improperly filed" under Rule 37.  (Docket entry #8-17).

On July 7, 2003, Norton filed a second *pro se* Rule 37 Petition challenging his conviction in No. 96-302-3.  (Docket entry #8-23).  On September 9, 2003, Judge Davis entered an Order dismissing the Rule 37 Petition as untimely.  (Docket entry #8-24).  Norton appealed, and the Arkansas Supreme Court held that the Petition was properly dismissed as untimely.[3]  *Norton v. State*, 2004 WL 171562 (Ark. Jan. 29, 2004) (unpublished *per curiam*).

On November 15, 2006, Norton filed a *pro se* state habeas Petition in Jefferson County Circuit Court attacking his conviction in No. 96-5-3.  (Docket entry #8-19). On January 10, 2007, Jefferson County Circuit Judge Robert H. Wyatt, Jr. entered an Order denying state habeas relief.  (Docket entry #8-20).

On August 28, 2008, Norton filed a *pro se* Motion in the Arkansas Supreme Court requesting permission to pursue belated appeals in Nos. 96-5-3 and 96-302-3.

---

[2]Although Norton attacked his conviction in "No. 96-5-3" (docket entry #8-16), the substance of the claims asserted in the Rule 37 Petition challenge his rape conviction in "No. 96-302-3."

[3]On August 16, 2007, Norton filed a third Rule 37 Petition in No. 96-302-3. (Docket entry #8-26 at 2).  It appears that this Petition is still pending in Jefferson County Circuit Coourt.

(Docket entry #8-5).  On November 20, 2008, the Arkansas Supreme Court dismissed Norton's Motion as untimely pursuant to Rule 2(e) of the Arkansas Rules of Appellate Procedure — Criminal.  *Norton v. State*, 2008 WL 4958296 (Ark. Nov. 20, 2008) (unpublished *per curiam*).

On March 10, 2009, Norton initiated this § 2254 action.  (Docket entry #1). With respect to his conviction and sentence in No. 96-5-3, he argues that: (1) his lawyer coerced him into waiving his right to a jury trial; (2) his lawyer provided him with ineffective assistance when he put him on the witness stand during the bench trial; and (3) he was denied his right to a fair trial when counsel failed to argue the victim's intoxication and instigation of the altercation.  (Docket entry #1).  With respect to his conviction and sentence in No. 96-302-3, he argues that: (1) his lawyer coerced him into a plea due to his advice that "it would be better for a judge to decide;" (2) his lawyer provided ineffective assistance because he "never argued [the] prosecutor's allegations;" (3) he was denied his right to a fair trial because the prosecution failed to obtain a rape kit from the victim; (4) he was denied his right to a fair trial because he did not enter a guilty plea, but instead pleaded "nolo contendere," to rape and attempted first-degree murder, and he pleaded guilty to attempted residential burglary, not residential burglary; and (5) he was denied his right to counsel in the various appeals he lodged in the Arkansas Supreme Court.  (Docket

6

entry #1).

Respondent argues that: (1) Norton filed this habeas action after the expiration of the statute of limitations; and (2) Norton's claims are in procedural default due to his failure to properly present them in state court.  (Docket entry #8).

For the reasons discussed below, the Court concludes that Norton's claims are barred by the applicable statute of limitations.  Thus, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]."  *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed"application for post-conviction relief is pending in state court. *See*

28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

## A.   Calculation of the Limitations Period in Jeff. Co. Cir. No. 96-5-3

Norton's Judgment and Commitment Order was entered on November 7, 1996. (Docket entry #8–3).  From that date, Norton had thirty days, until December 7, 1996, to file a Notice of Appeal.  Although Norton did not file a Notice of Appeal, he did filed a timely Rule 37 Petition.  The resulting statutory tolling is as follows:

(1)   **November 7, 1996**. Norton's Judgment and Commitment Order is entered.  Norton has thirty days to file a Notice of Appeal.

→   *25 days of tolling*

(2)   **December 2, 1996.**  Norton files a Rule 37 Petition.

→   *324 days of tolling*

(3)   **October 22, 1997.**  Norton's Rule 37 Petition is denied.  Norton then appeals to the Arkansas Supreme Court.

→   *582 days of tolling*

(4)   **May 27, 1999.**  The Arkansas Supreme Court reverses and remands because the trial court did not include findings of fact and conclusions of law in its Order denying Rule 37 relief.

→   *582 days of tolling*

(5) **May 18, 2000.** On remand, the trial court enters its Order denying Rule 37 relief. Norton again appeals.

→   *621 days of tolling*

(6) **January 29, 2002.** The Arkansas Supreme Court issues its mandate affirming the denial of Rule 37 relief. This concludes statutory tolling and triggers the beginning of the one-year limitations period.

Thus, Norton had one year, until January 29, 2003, to file his federal habeas Petition. Although Norton filed a second Rule 37 Petition on May 22, 2002, before the one-year limitations expired, he is not entitled to statutory tolling for the pendency of his second Rule 37 action. Importantly, the Arkansas Supreme Court held that it was *not* timely filed.[4] Thus, it cannot be a "properly filed" postconviction petition for purposes of statutory tolling.

After giving Norton the benefit of all applicable statutory tolling, his habeas Petition attacking his conviction and sentence is untimely by over six years.

---

[4]The United States Supreme Court has explicitly held that, if a state court has rejected a petition for post-conviction relief as untimely, it is *not* "properly filed," and the petitioner is *not* entitled to statutory tolling under § 2244(d)(2). *See Pace v. Diuguglielmo*, 544 U.S. 408, 417 (2005); *see also Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) ("Because the Arkansas Supreme Court affirmed and found [petitioner's] Rule 37 petition invalid, 'that is the end of the matter'" regarding whether it was properly filed under § 2244) (quoting *Pace*). Because the Arkansas Supreme Court found that Norton's second Rule 37 Petition was untimely, this Court concludes that Norton is *not* entitled to statutory tolling for the block of time between the filing of the second Rule 37 Petition and the disposition of Norton's second Rule 37 appeal.

**B.      Calculation of the Limitations Period in Jeff. Co. Cir. No. 96-302-3**

Norton's Judgment and Commitment Order was entered on December 13, 1996.

(Docket entry #8–4).   Under Arkansas law, Norton could not appeal his guilty plea.

*See* Ark. R. Crim. P. – App.1(a). Thus, for purposes of the AEDPA, Norton's

conviction was "final" on December 13, 1996, the date his Judgment and Commitment

Order was entered. From that date, Norton had one year, until December 13, 1997, to

file this federal habeas action. Norton did not file any postconviction motions prior

to the expiration of the limitations period that would entitle him to statutory tolling.[5]

 Accordingly, his habeas Petition attacking his conviction and sentence is untimely by

over eleven years.

**C.      Equitable Tolling**

Under the doctrine of equitable tolling, the AEDPA's limitations period may be

tolled if a habeas petitioner can show that: (1) he has been diligently pursuing his

rights; and (2) an extraordinary circumstance stood in his way.   *White v. Dingle*, 616

F.3d 844, 847-48 (8th Cir. 2010).   "Equitable tolling is a flexible procedure that

involves both recognition of the role of precedent and an "awareness of the fact that

---

[5]Although Norton filed a Rule 37 Petition in 1998 attacking his conviction in
No. 96-302-3, it is well-established that postconviction motions filed after the AEDPA
limitations period has expired have no tolling effect.  *See Jackson v. Dormire*, 180
F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot
have a tolling effect if it was filed after the expiration of the limitations period).

10

specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Id.* (*quoting Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)).

In explaining why he did file this habeas action sooner, Norton claims that he instructed his lawyer in No. 96-5-3 to lodge a direct appeal, but he failed to do so. Second, Norton points out that his Rule 37 appeal in No. 96-5-3 was ultimately affirmed on procedural grounds because his lawyer failed to abstract the trial testimony and lodge the transcript of the Rule 37 hearing. Third, Norton claims that he sent the "Pine Bluff courts" numerous letters requesting that he be appointed counsel in his later state court postconviction proceedings, and that he received no response. Finally, Norton argues that he has limited legal knowledge and no understanding of how to "present the right papers to the courts."

"Serious attorney misconduct," as opposed to mere negligence, may warrant equitable tolling in some circumstances. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citing *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003). However, Norton's complaints about his lawyers' performance do nothing to establish any impediment to the timely filing of this action. The record in this case demonstrates Norton's ability to pursue *pro se* postconviction relief, *i.e.*, he filed a Rule 37 Petition almost immediately after his first conviction, and thereafter initiated numerous other

state-court postconviction actions and appeals.

Norton also appears to be relying on his lack of legal knowledge to establish equitable tolling.  However, the Eighth Circuit has held that a *pro se* prisoner's lack of legal knowledge or legal resources, or his misunderstanding of pertinent rules, statutes, and time periods, does not warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Finally, Norton has not come forward with any new relevant facts to establish "actual innocence" for purposes of tolling. *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts establishing innocence in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #1) be DENIED, and this case be DISMISSED, WITH PREJUDICE.   IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section

2254 Cases.

Dated this 1st day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE